EASTERN DISTRICT OF MICHIGAN
SOUTHERN DISTRICT

Pro Se Upload Received
08/08/2025
U.S. District Court Eastern District of Michigan

**UNITED STATES OF AMERICA**

    Plaintiff,　　　　　　　　　　MISCELLANEOUS CASE:_25-51049_
　　　　　　　　　　　　　　　　　　Hon. Susan DeClercq

**WILLIAM A. SMITH**　　　　　　　Related Criminal Case: 24-cr-20532

    Criminal Defendant,

v.

**CHARLES BLACKWELL**

    Movant,

_____

| | |
|---|---|
| Charles Blackwell | Gerald Evelyn  (P29182) |
| 22655 Fairmont Dr | Attorney for Defendant William Smit |
| Apt 102 | 409 East Jefferson Ave, Ste. 500 |
| Farmington Hills, MI, 48335 | Detroit, MI 48226 |
| 313-739-3597 | (313)-962-3500 |
| Cblack618@gmail.com | geraldevelyn@yahoo.com |
| | |
| | United States Government |
| | AUSA Robert Moran |
| | AUSA John Neal |
| | 211 W. Fort St., Suite 2001 |
| | Detroit, MI, 48226 |
| | John.neal@usdoj.gov |
| | robert.moran.usdoj.gov |

_____

**MOTION TO UNSEAL JUDICIAL RECORDS**

_____

1

**COMES NOW** Non Party Movant, Charles Blackwell, a member of the public, respectfully moves this Court for an order to unseal the motion to extend self-surrender date court filing of Defendant William A. Smith and forth coming response to such motion by the United States Government that were sealed by the Court in ECF No. 45. ("Order On Motion to Seal')

### INTRODUCTION

William A. Smith, the former Chief Financial Officer of the nonprofit Detroit Riverfront Conservancy, embezzled over $40 million dollars from the conservancy over an 11-year span. Due to his selfish and greedy actions, he has undoubtedly hurt and hampered the Conservancy efforts to redevelop and improve areas of Detroit for the betterment of citizens and visitors.

There is immense and enormous public interest and media attention to this case. Members of the public and press, like Movant Charles Blackwell, have a First Amendment and common law right to access judicial proceedings and records filed in federal court. "The federal courts do their business in public—which means the public is presumptively entitled to review every document that a party files with the court for purposes of influencing a judicial decision." *Grae v. Corrections Corp. of America*, 134 F.4th 927, 930 (6th Cir. 2025).

Defendant Smith seeks to delay reporting to federal prison due to vague and ambiguous "sensitive, personal medical information." The Sixth Circuit and Eastern District of Michigan Local Rule 5.3 has imposed rigorous procedural and substantive requirements that must be met before judicial records are able to be sealed from the public. *Shane Grp. Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016). None of the procedural and substantive requirements were met in order to seal Mr. Smith motion to extend his self-surrender date and therefore the filing is sealed in violation of the public's First Amendment right to access judicial records.

## BACKGROUND

On April 24th, 2025, William A. Smith was sentenced to 228 months. On May 1st, 2025, this court entered judgment to reflect this sentence. ECF No. 36. The court allowed Mr. Smith to self-surrender to the federal bureau of prison as notified by the United States Marshals. On August 7th, 2025, Mr. Smith filed a one-page motion to seal the forthcoming motion to extend defendant's self-surrender date due to "sensitive, personal medical information." ECF No. 44. The very same day, this court granted the motion to seal. ECF No. 45

## ARGUMENT

"The public has the constitutional right to access records in criminal proceedings." *United States v. DeJournett*, 817 F.3d 479, 481 (6th Cir. 2016). The

Sixth Circuit has recognized "a strong presumption in favor of openness as to court records." *Shane Group, Inc. v. Blue Cross Blue Shield of MI*, 825 F.3d 299, 305 (2016). Under the *Shane Group* rigorous sealing standards, the party seeking to seal judicial records have a "heavy" burden. *Id*. In order to seal judicial records, a party must show (1) a compelling reason that outweighs the public's interest in openness of judicial records (2) must show that their sealing is no broader than necessary. *Id.* A sealing motion "must analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Id.* at 305-306. (citing *Baxter Int'l, Inc. v. Abbott Labs*., 297 F.3d 544, 548 (7th Cir. 2002). Likewise, a "district court that chooses to seal court records must set forth specific findings and conclusions which justify nondisclosure to the public." *Id*. at 306. "[A] court's obligation to explain the basis for sealing court records is independent of whether anyone objects to it." *Id*. at 306

None of the requirements that *Shane Group* imposes took place by the parties or the Court. Mr. Smith did not file a motion to seal that "**analyze in detail , , , providing reasons and legal citations**." ECF No. 44. In fact, his motion to seal does not contain a single legal citation to support his sealing. Nor did he comply with *Shane Group* mandate that the sealing be "narrowly tailored" in terms of applying redactions. In terms of the court, the court's sealing order did not identity any

4

specific findings and conclusions that justify non-disclosure of Mr. Smith's motion. ECF No. 45.

**I.      Sixth Circuit precedent requires that members of the public and press be given an opportunity to object and present their views to the court on sealing orders.**

Members of the public and press must be afforded the opportunity to object to the sealing orders of the court. In the case of *In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470, 474 (6th Cir. 1983), the Sixth Circuit panel noted "representatives of the press and the general public must be given an opportunity to be heard on the question of their exclusion." (quoting *Globe Newspaper Co. v. Superior Court*, 457 U.S. 596, n. 25, (1982)) (explaining in the context of a courtroom closure which implicates First Amendment and common law protection). The Court further noted that "[t[he district court should then allow interested members of the public a reasonable opportunity to present their claims." *Id*. at 476; See also *Application of Storer Communications, Inc.*, 828 F.2d 330, 335 (6th Cir. 1987) (approving of *In re Knoxville News-Sentinel*, stating we "now adopt its formulation for providing notice and an opportunity for the public to present claims of First Amendment rights of access to pretrial criminal proceedings.").

Procedurally speaking, before a motion to seal can be granted by the court, the court is required to allow time for the public and the press to intervene and object to the motion to seal. In *in re Knoxville-Sentinel* the Sixth Circuit noted:

5

> If a party moves to seal a document, or the entire court record, such a motion should be made sufficiently in advance of any hearing on or disposition of the motion to seal to afford interested members of the public an opportunity to intervene and present their views to the court.

*In re Knoxville-Sentinel*, 723 F.2d at 475-476. (cleaned up).

Here, the court granted Mr. Smith motion to seal on the very same day he filed the motion to seal. See ECF No. 44. (motion to seal); *Compare* ECF No. 45. (Order granting motion to seal). Under no circumstances could the public and press discover the motion to seal being filed on the docket on August 7th and then prepare a lengthy motion contesting the motion to seal within a matter of a couple hours before the court granted the motion later in the day on August 7th. Such short notice does not comply with the "sufficiently in advance of any hearing on or disposition of the motion to seal" requirements set by *In re Knoxville-Sentinel*.

Since 2020, at least four judges in the Eastern District of Michigan have granted similar unsealing orders in criminal cases by Movant Blackwell. See *United States v. Carnord Gordon*, (case no. 20-mc-50789) (ECF No. 2) (granting Movant Blackwell's motion to unseal) (J., Friedman); *United States v. Tiffany Lipkovitch*, (case no. 22-mc-51426) (ECF No. 1) (granting motion to unseal by Movant Blackwell) (J., Michelson); *United States v. Steven Bishop*, (case 2:22-cr-20636) (ECF No. 45) (granting motion to unseal by Movant Blackwell) (J., Leitman);

*United States v. Alan Markovitz*, (case 2:23-cr-20058) (ECF No. 27) (same) (J., Parker).

## II. Mr. Smith One-Page Motion To Seal Does Not Comply With The Rigorous Substantive Requirements Imposed By *Shane Group* And Eastern District Of Michigan Local Rule 5.3

Mr. Smith filed a one-page motion to seal that contains zero legal analysis and devoid of a single legal citation. This does not meet the sealing requirements set forth by *Shane Group* or E.D Mich. LR. 5.3(b)(3)(iv). In *Shane Group*, the court noted that a motion to seal "**must analyze in detail**, document by document, the propriety of secrecy, **providing reasons and legal citations**." *Id*. at 305-306. (citing Baxter Int'l, Inc. v. Abbott Labs., 297 F.3d 544, 548 (7th Cir. 2002) (emphasis added). E.D Mich. LR. 5.3(b)(3)(iv) requires the same.

The Court in *Shane Group* noted that "parties' asserted bases for sealing off all this information were brief, perfunctory, and patently inadequate." *Id*. at 306. (rejecting the parties one sentence justification for seeking to seal records). The same applies to Mr. Smith one-page motion to seal. ECF No. 44

### 1. Vague Assertions Of Medical Information Is An Insufficient Reason To Seal The Self-Surrender Court Filing.

Not all medical ailments, diagnosis, or conditions that a criminal defendant suffers from is an automatic basis to seal or redact a judicial record. As the First Circuit has noted in a criminal case, the "privacy interest in medical information is

neither fundamental nor absolute." *United States v. Kravetz*, 706 F.3d 47, 63 (1st Cir. 2013) (citing *United States v. Sattar*, 471 F. Supp. 2d 380, 384 (S.D.N.Y 2006).

This proposition makes a ton of sense. For example, a criminal defendant who suffers from a minor medical condition such as insomnia, asthma, migraines, general anxiety, etc, would not be a sufficient medical basis to seal or redact a judicial record. Otherwise, nothing would stop a litigant from arguing de minimis medical conditions in an attempt (or gamesmanship) to circumvent the public's presumptive right to access judicial records. A defendant would argue in their motion to seal, "your honor, I was diagnosed with bad migraines, please seal my sentencing memorandum as this is sensitive medical information."

There is case authority that suggests that the public has the right to access medical information submitted by a criminal defendant in their sentencing memorandum in order to mitigate their sentence. See *United States v. Dare*, 568 F. Supp. 2d 242 (N.D.N.Y 2008). In *Dare*, District Court Judge Kahn of the Northern District of New York stated:

> Here, Defendant has chosen to introduce the medical information in an attempt to mitigate his sentence. By disclosing this information, which is a critical part of the memoranda, the Court does not believe it takes a risk of discouraging the full disclosure of such information in future cases. Under other circumstances, the Court could be convinced to redact a defendant's medical records, which surely are among an individual's most private matters. Here, the public right to these records, which inform the Court's sentencing, are not outweighed by Defendant Dare's considerable privacy interest in his medical records.

*Id*. at 244. (emphasis added); *United States v. DiMasi*, 215 F. Supp. 3d 179, 183 n. 3 (D. Mass. 2016) ("In any event, the public interest in the information on which a judicial decision is made may outweigh an individual's interest in privacy when his medical condition and prognosis are argued to be material to determining an appropriate sentence."); *United States v. King*, 2012 WL 2196674, at *2 (S.D.N.Y. June 15, 2012) (declining to seal medical records because the defendant asked the court "to consider [her medical records] in arriving at the sentence in [her] case").

Just last year, Judge Matthew F. Leitman granted Movant Charles Blackwell's motion to unseal a child predator sentencing memorandum and his psychological report since the defendant argued medical information as his basis for seeking leniency at sentencing. See *United States v. Steven Harvey Bishop*, case 22-cr-20636, ECF No. 45. (E.D. Mich. Aug. 21st, 2024) (J. Leitman)

Like in *Dare*, *King*, and *DiMasi*, Defendant Smith has voluntarily supplied this Court with his medical information in hopes of seeking to delay his prison sentence. But as it has been noted, "the public has a strong interest in obtaining the information contained in the court record" and "the public is entitled to assess for itself the merits of judicial decisions." *Shane Group*, 825 F.3d at 305. The public cannot assess for itself the merits of this decision to possibly delay Mr. Smith prison sentence without access to his motion which presented medical reasons, *inter alia*,

9

why the Court should delay his custodial sentence. See *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1177 (6th Cir. 1983) (stating "court records often provide important, sometimes the only, bases or explanations for a court's decision.").

### A. When a district court fails to set forth specific factual and legal reasons for nondisclosure to the public, that is a basis to vacate the sealing order.

Here, the Court granted Mr. Smith's motion to seal without a judicial finding of a compelling interest in support of non-disclosure that outweighs the public's interest. ECF No. 45. Nor did the Court articulate as to how it reached the conclusion that the wholesale sealing by the parties was no broader than necessary. *Id*. This failure by the Court requires the vacating and unsealing of the documents. In *Shane Group*, 825 F.3d at 306, the Court noted that "**And a court's failure to set forth those reasons — as to why the interests in support of nondisclosure are compelling**, **why the interests supporting access are less so**, and **why the seal itself is no broader than necessary — is itself grounds to vacate an order to seal**." (emphasis added). See also *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1176 (6th Cir. 1983) (stating "we conclude that the District Court erred by failing to state findings or conclusions which justify nondisclosure to the public. The order of the District Court sealing the documents in the case is, therefore, vacated.");

10

*In re Nat'l Prescription Opiate Litig.*, 927 F.3d 919, 939 (6th Cir. 2019) (same, vacating sealing order due to the district court failing to provide legal basis).

Here, the Court's sealing order did not include the requirements necessary to justify the sealing of Mr. Smith's motion from the public. Thus, *Shane Group* requires that the sealing order be vacated.

### III. Even if there is a compelling reason in favor of nondisclosure, the wholesale sealing of documents still violates the public's right of access because the sealing order is not narrowly tailored.

Even if the Court disagrees with Movant Blackwell's position that medical information is not a compelling reasons to warrant sealing, the wholesale sealing of the entirety of the motion would still violate well established Sixth Circuit *Shane Group* sealing precedent because "even where a party can show a compelling reason why certain documents or portions thereof should be sealed, **the seal itself must be narrowly tailored to serve that reason**." *Shane Group*, 825 F.3d at 305. (emphasis added). In order to ensure that this narrowly tailored standard has been met, a party seeking to seal judicial records must "demonstrate — on a document-by-document, line-by-line basis — that specific information in the court record meets the demanding requirements for a seal." *Id*. at 308. Here, Mr. Smith's one-page motion to seal did not conduct and provide the required "document-by-document, line-by-line" analysis showing as to how each line of his motion to extend self-surrender date "meets the demanding requirements for a seal." *Id*.

In *Lipman v. Budish*, the Sixth Circuit noted that "the complete sealing of Plaintiffs' brief—is not narrowly tailored to serve their need for secrecy." *Lipman v. Budish*, 974 F.3d 726, 754 (6th Cir. 2020). Because "[w]hen the information at issue is limited to just four out of more than fifty pages, redaction—not sealing—is the answer." *Id*. at 754. (emphasis added). The same is true here.

## RELIEF REQUESTED

Movant Blackwell respectfully requests that this Court unseal the motion to extend self-surrender date and the United States Government's forth coming response to that motion that the court also ordered to be filed under seal.

Respectfully submitted,

/s/CharlesBlackwell

Dated: August 8th, 2025

## CERTIFICATE OF SERVICE

I, Charles Blackwell, hereby certify that on August 8th, 2025, I electronically filed the foregoing document with the Clerk of the Court using the Pro se Portal. This will provide notification and a copy of this document to all counsel of record using the ECF system.

Respectfully submitted,

/s/CharlesBlackwell