UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                  Crim. Case No. 24-cr-20532
                                    Misc. Case No. 25-mc-51049

v.                                   Honorable Susan K. DeClercq
                                    United States District Judge

WILLIAM A. SMITH,

        Defendant.

_____/

## ORDER DENYING MOTION TO UNSEAL JUDICIAL RECORDS
### (ECF No. 1)

On August 8, 2025, Charles Blackwell, a non-party member of the public, moved to unseal a docket entry in William Smith's criminal case, *United States v. Smith*, No. 24-cr-20532 (E.D. Mich.). ECF No. 1. Specifically, Blackwell asked that this Court enter an order unsealing Smith's motion to extend his self-surrender date, *Smith*, 24-cr-20532 (E.D. Mich. Aug. 8, 2025), ECF No. 46 (sealed), which Smith filed under seal with court permission, *see Smith*, 24-cr-20532 (E.D. Mich. Aug 7, 2025), ECF No. 45. In his unopposed motion to seal—which was filed on the public docket—Smith asserted that his forthcoming motion to extend his self-surrender date contained "sensitive, personal medical information." *Smith*, 24-cr-20532 (E.D. Mich. Aug. 7, 2025), ECF No. 44 at PageID.499.

Blackwell argues that Smith's stated reason is not sufficient to overcome his presumptive First Amendment right to access judicial records. ECF No. 1 at PageID.2 (citing *Grae v. Corr. Corp. of America*, 134 F.4th 927, 930 (6th Cir. 2025)). Having reviewed the sealed documents in Smith's case and the briefing on Blackwell's motion to unseal, this Court remains convinced that sealing the motion was appropriate.

## I. LEGAL STANDARDS

Regarding public access to court records, there is a "strong presumption in favor of openness." *Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016). From that presumption, it follows that a party seeking to seal court records faces a "heavy" burden. *Id*. More specifically, the Sixth Circuit has held that "[o]nly the most compelling reasons can justify non-disclosure of judicial records." *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983).

Relatedly, a district court must fulfill certain procedural obligations when resolving a motion to seal, three of which are relevant here. First, a "district court that chooses to seal court records must set forth specific findings and conclusions 'which justify nondisclosure to the public.'" *Shane Grp., Inc.*, 825 F.3d at 306 (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1176 (6th Cir. 1983)). Second, the sealing of a judicial record must be "narrowly tailored" to the

reason for sealing. *Shane Grp.*, 825 F.3d at 105. Third, courts ought to ensure that movants "afford interested members of the public an opportunity to intervene and present their views [on the sealing] to the court." *In re Knoxville-Sentinel Co., Inc.*, 723 F.2d at 475–76.

## II. DISCUSSION

### A. Smith's Privacy Interests

Despite the strong presumption noted above, the public's right of access is "not absolute." *Brown & Williamson*, 710 F.2d at 1179 (observing that "[c]ourts have carved out several distinct but limited common law exceptions to the strong presumption in favor of openness."). Relevant to this matter, one limit on the right of access involves content-based exceptions based on competing interests, such as the "privacy rights of participants or third parties." *Id*. (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978).

"Courts have recognized a person's interest in the privacy of their health information as a legitimate basis for sealing." *Frohn v. Globe Life and Accident Ins. Co.*, 2022WL1555104 at *1 (S. D. Ohio, May 17, 2022) (unpublished) (observing also that "Congress has specifically recognized the importance of that privacy interest through the enactment of the Health Insurance Portability and Accountability Act" and that "when information is protected by statute or regulation, that supports sealing."). Here, Smith's motion included information regarding what

- 3 -

he described as "sensitive, personal medical information," including health history, procedures, examinations, diagnoses, and the name of a medical care provider. *See Smith*, 24-cr-20532 (E.D. Mich. Aug. 7, 2025), ECF No. 44 at PageID.499. Society has recognized a strong privacy interest in this sort of information, as reflected in laws like the Health Insurance Portability and Accountability Act (HIPPA).

In opposition to that strong privacy interest is only a relatively weak public interest in obtaining the sealed information. From the docket and this Court's order, the public can ascertain (1) what Smith was requesting; (2) the general contours of why he was requesting it; (3) that the Government opposed his request; and (4) that the request was not granted, unlike the district court decisions cited by Blackwell in which relief was granted on the basis of sealed health information that was ultimately unsealed. ECF No. 1 at PageID.6–7, 9 (collecting cases). Those four facts also distinguish this case from the district court's decision in *Shane Group*. In that case, the district court sealed "most of the parties' substantive filings from public view" in a class action that implicated the rights of "millions of Michigan citizens." 825 F.3d at 302. Reversing the district court's decision to seal those filings, the Sixth Circuit emphasized the importance of the class action nature of that case, noting that—"where by definition some members of the public are also parties to the case— the standards for denying public access to the record should be applied ... with particular strictness." *Id.* at 305 (citation modified). Here, in contrast, there is no

similarly extraordinary public interest in the sealed information that was not satisfied by the documents on the public docket and this Court's order denying Smith's motion to extend his self-surrender date.

## B. Narrow Tailoring

Blackwell is right that a court's decision to seal a filed record must be "narrowly tailored" to the reason for sealing. ECF No. 1 at PageID.11 (citing *Shane Grp.*, 825 F.3d at 105). Here, narrow tailoring may have looked like heavy redactions rather than a wholesale seal. But any error in tailoring did not harm the public.

Smith's sealed motion to extend his self-surrender date contained only ten paragraphs, not including a one-sentence prayer for relief. *Smith*, 24-cr-20532 (E.D. Mich. Aug. 8, 2025), ECF No. 46 (sealed). Of those ten paragraphs, seven included sensitive, personal medical information. *Id.* The other three provided (1) background procedural information that was and is publicly available from the docket; (2) an averment that the extension was not sought to cause unreasonable delay; and (3) a disclosure that the Government did not concur with the requested relief (i.e., an extended surrender date). *Id.* The Government's opposition to Smith's motion was publicly available information as presented in this Court's order denying Smith's sealed motion. *See Smith*, 24-cr-20532 (E.D. Mich. Aug. 11, 2025), ECF No. 50 at PageID.594 ("The Government opposes Defendant's request."). In addition to those ten paragraphs, Smith also attached, as exhibits, a doctor's note and a medical record.

- 5 -

*Smith*, 24-cr-20532 (E.D. Mich. Aug. 8, 2025), ECF No. 46 (sealed) at PageID.506–09.

Even if Smith submitted a *heavily* redacted motion (instead of an entirely sealed motion), more than seventy percent of the document's contents would be omitted. Indeed, the leftover text in such a document would look something like this:

Motion title

Boilerplate introduction

Procedural background information that was publicly available

Statement denying intent to cause unreasonable delay

Statement indicating Government's opposition

Signature block

After reviewing and re-reviewing the relevant materials, it is unclear to this Court what value, if any, that approach would have yielded to members of the press and public beyond that provided by this Court's order denying the motion. All the leftover information outlined above was either indicated in the docket or included in that order. Thus, any error in sealing the motion rather than redacting the relevant information was harmless.

### C. Timing

Blackwell is also right that, as a general rule, motions to seal should be filed early enough to "afford interested members of the public an opportunity to intervene

and present their views to the court." ECF No. 1 (quoting *In re Knoxville-Sentinel Co., Inc.*, 723 F.2d 470, 475–76 (6th Cir. 1983)). But the circumstances presented by Smith's motion called for an expedited process. Recall, Smith did not move to extend his August 12 self-surrender date until August 7. Simultaneous to his motion to extend, he also filed a motion to seal—an understandable approach given the urgency.

Sure, this Court could have delayed ruling on the motion to seal until also ruling on the motion to extend, which this Court did four days later on August 11, 2025. There are two issues, however, with Blackwell's argument that this was the required approach and that an order unsealing the motion is the necessary remedy. First, a delayed ruling on the motion to seal would not have provided the parties with needed guidance as to how to proceed in promptly briefing the motion. Second, as indicated by Blackwell's motion to unseal—filed one day after Smith filed his motion to seal—members of the press and public were indeed able to weigh in on whether Smith's motion should be disclosed prior to the motion's resolution. Contrary to Blackwell's later argument that this Court's process denied him an opportunity to contest the sealing, Blackwell's motion to unseal functioned equivalently to a motion to prevent sealing. No significant access, if any, was lost to the press or public between the time that this Court granted Smith's motion to seal

and the time that Blackwell filed his motion to unseal. Therefore, any error as to the timing of this Court's order was harmless.

## IV. CONCLUSION

In sum, Smith has demonstrated a compelling interest supporting non-disclosure that overcomes the presumption of openness. Further, the sealing of Smith's motion to extend his self-surrender date was narrowly tailored.

Accordingly, it is **ORDERED** that Blackwell's Motion to Unseal, ECF No. 1, is **DENIED**.

*/s/Susan K. DeClercq*
SUSAN K. DeCLERCQ
United States District Judge

Dated: August 29, 2025